## PEOPLE v. SMITH.

CRIMINAL LAW—PROCEDURE—CONSOLIDATION OF CAUSES FOR TRIAL.
Failure of trial court to make a preliminary determination as to whether the 2 distinct charges of crime involved in a trial arose out of the same transaction, and consolidation of the causes into one trial were not error when it was at the request of defense counsel that the causes were consolidated.

Appeal from Recorder's Court of Detroit, Schemanske (Frank G.), J.  Submitted Division 1

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 67.

March 7, 1968, at Detroit. (Docket Nos. 3,874, 3,875.) Decided September 4, 1968.

Lemmie Lee Smith was convicted of carrying a concealed weapon on his person and possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Robert J. McClear,* for defendant on appeal.

LESINSKI, C. J. Defendant appeals from his conviction and sentence in the recorder's court for the city of Detroit on the charges of carrying a concealed weapon on his person[1] and possession of narcotics.[2]

Defendant, on appeal, raises the argument that the trial court committed reversible error in failing to make a preliminary determination as to whether the two charges arose out of the same transaction and, further, that the court abused its discretion by consolidating both causes into one trial. Defendant, with counsel present, waived a trial by jury and the matters were tried together.

This Court finds without merit both of the contentions of defendant, as it was at the request of defense counsel in this cause that the matters were consolidated.

Affirmed.

LEVIN and ANDREWS, JJ., concurred.

---

[1] CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).
[2] CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).